AF Approval _____          Chief Approval _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:16-cr-221-T-24AEP

SIDNEY C. HINES

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A.

Lee Bentley, III, United States Attorney for the Middle District of Florida, and the

defendant, SIDNEY C. HINES, and the attorney for the defendant, Adam B.

Allen, Esq., mutually agree as follows:

A.    **Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count Five of the

Indictment.  Count Five charges the defendant with False Personation of an

Officer or Employee of the United States, in violation of 18 U.S.C. § 912

2.    Maximum Penalties

Count Five carries a maximum sentence of three (3) years

imprisonment, a fine of $250,000, a term of supervised release of not more than

one (1) year, and a special assessment of $100. With respect to certain offenses,

the Court shall order the defendant to make restitution to any victim of the

offense(s), and with respect to other offenses, the Court may order

Defendant's Initials _____

the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3.   Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count Five are:

First:       the Defendant pretended to be an officer or employee acting under the authority of the United States;

Second:   the Defendant acted as such and demanded or obtained money or other thing of value; and

Third:      the Defendant did so knowingly with intent to deceive or defraud another.

4.   Counts Dismissed

At the time of sentencing, the remaining count(s) against the defendant, Count One, Two, Three, and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.   No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

Defendant's Initials             2

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to Federal National Mortgage Association ("Fannie Mae").

7.    Guidelines Sentence

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.    Acceptance of Responsibility - Two Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____    3

9.    Low End

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to,

Defendant's Initials _____    4

garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual

Defendant's Initials 

5

information, including the totality of the defendant's criminal activities, if any, not
limited to the count(s) to which defendant pleads, to respond to comments made
by the defendant or defendant's counsel, and to correct any misstatements or
inaccuracies.  The United States further reserves its right to make any
recommendations it deems appropriate regarding the disposition of this case,
subject to any limitations set forth herein, if any.

     5.    <u>Financial Disclosures</u>

     Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P.
32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States
Attorney's Office within 30 days of execution of this agreement an affidavit
reflecting the defendant's financial condition.  The defendant promises that his
financial statement and disclosures will be complete, accurate and truthful and
will include all assets in which he has any interest or over which the defendant
exercises control, directly or indirectly, including those held by a spouse,
dependent, nominee or other third party.  The defendant further agrees to
execute any documents requested by the United States needed to obtain from
any third parties any records of assets owned by the defendant, directly or
through a nominee, and, by the execution of this Plea Agreement, consents to
the release of the defendant's tax returns for the previous five years.  The
defendant similarly agrees and authorizes the United States Attorney's Office to
provide to, and obtain from, the United States Probation Office, the financial
affidavit, any of the defendant's federal, state, and local tax returns, bank records

Defendant's Initials _____      6

and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.     Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not

Defendant's Initials _____

7

such decision is consistent with the government's recommendations contained
herein.

      7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

          The defendant agrees that this Court has jurisdiction and authority
to impose any sentence up to the statutory maximum and expressly waives the
right to appeal defendant's sentence on any ground, including the ground that the
Court erred in determining the applicable guidelines range pursuant to the United
States Sentencing Guidelines, except (a) the ground that the sentence exceeds
the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant
to the United States Sentencing Guidelines; (b) the ground that the sentence
exceeds the statutory maximum penalty; or (c) the ground that the sentence
violates the Eighth Amendment to the Constitution; provided, however, that if the
government exercises its right to appeal the sentence imposed, as authorized by
18 U.S.C. § 3742(b), then the defendant is released from his waiver and may
appeal the sentence as authorized by 18 U.S.C. § 3742(a).

      8.    <u>Middle District of Florida Agreement</u>

          It is further understood that this agreement is limited to the Office of
the United States Attorney for the Middle District of Florida and cannot bind other
federal, state, or local prosecuting authorities, although this office will bring
defendant's cooperation, if any, to the attention of other prosecuting officers or
others, if requested.

Defendant's Initials       8

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.  The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).  The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.  The defendant further understands that if

Defendant's Initials                   9

defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement.  The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

FACTS

Sidney C. Hines was a resident of New Port Richey, Florida, whose residential mortgage loan had been purchased and securitized by Fannie Mae. Sidney C. Hines obtained a HomeSaver Advantage Loan from Fannie Mae in the amount of $5,863.73.

The Federal National Mortgage Association, ("Fannie Mae") was a government-sponsored enterprise chartered by Congress with a mission to provide liquidity, stability, and affordability to the United States housing and

Defendant's Initials         10

mortgage markets. The Fannie Mae HomeSaver Advance ("HSA") program was a mortgage loss mitigation program designed to allow delinquent borrowers, such as Sidney Hines, who were able to make future scheduled mortgage payments but were unable to pay past due amounts immediately, to cure the delinquency by entering into an unsecured loan for the arrearage amount. HSA loans were documented by an unsecured promissory note.

ClearSpring Loan Services, Inc. ("ClearSpring") provided mortgage loan services. It offered repayment plan or special forbearance, loan modification, mortgage insurance claim, short sale or pre-foreclosure sale, and deed-in-lieu of foreclosure services.

Chase Home Finance, LLC ("Chase") was a subsidiary of JP Morgan Chase Bank, N.A. Chase originated the HomeSaver Advantage Loan to Sidney Hines, which was funded by Fannie Mae.

On December 9, 2014, Sidney C. Hines, who received a HSA loan funded by Fannie Mae and originated by Chase, did falsely assume and pretend to be an officer and employee of the United States acting under the authority thereof, that is United States Senator Richard Durbin of Illinois, and in such assumed and pretended character with intent to defraud Fannie Mae, falsely stated via telephone that he was a "Senator Richard Durbin" to a representative of ClearSpring, in an attempt to deceive ClearSpring that the debt on his Fannie Mae HSA loan was paid in full and to have this valid debt removed from his credit report.

Defendant's Initials                     11

12.   <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _____4_____ day of ~~July~~ August, 2016.

A. LEE BENTLEY, III
United States Attorney


_____          _____
Sidney C. Hines                        Christopher Poor
Defendant                              Special Assistant United States Attorney


_____          _____
Adam B. Allen, Esquire                 Robert A. Mosakowski
Attorney for Defendant                 Assistant United States Attorney
                                       Chief, Economic Crimes

12